John PODGER, Plaintiff,

v.

GULFSTREAM AEROSPACE COR-
PORATION; General Dynamics
Corporation, Defendants.

No. 401CV277.

United States District Court,
S.D. Georgia,
Savannah Division.

Jan. 21, 2003.

David F. Walbert, A. Lee Parks, David C.
Ates, Andrew Y. Coffman, William J.S. At-
kins, Harlan S. Miller, III, Parks, Chesin &
Miller, PC, Atlanta, GA, for plaintiff.

Wade Wilkes Herring, II, Shawn A. Kach-
mar, Hunter, Maclean, Exley & Dunn, PC,

Savannah, GA, James H. Cox, Daniel J.
Hoppe, Jr., Greenberg & Traurig, LLP, At-
lanta, GA, for defendants.

## *ORDER*

EDENFIELD, District Judge.

Numerous motions are currently pending
before the Court in this age discrimination
case, including defendant Gulfstream Aero-
space Corporation's (Gulfstream's) motion for
summary judgment. *See* doc. ## 36, 55, 57,
58. Here the Court addresses Gulfstream's
motion to strike plaintiff John Podger's "sur-
reply" to its summary judgment reply brief.
Doc. # 57.

Following defendant's motion for summary
judgment, doc. # 36, plaintiff's response, doc.
# 46, and defendant's reply, doc. # 54, Podg-
er filed an additional reply brief addressing,
he claims, defendant's "new arguments."
Doc. # 56. Gulfstream objects, contending
that S.D.Ga.Loc.R. 7.5 and 7.6 do not autho-
rize a reply to a reply, and even if they did,
plaintiff's reply nevertheless should be struck
for failure to comply with Rule 7.6's notice
and timeliness provisions. Doc. # 57 at 2–3.

Rule 7.5 deals with motion responses.[1] It
does not explicitly permit successive reply
(a/k/a "supplemental," etc.) briefs,[2] but nei-
ther does it prohibit them, and that's deliber-
ate.[3] Hence, parties may file as many reply
briefs as they want. Similarly, Rule 7.6 pro-
vides:

> **LR 7.6 Reply Briefs.** A party intending
> to file a reply brief shall immediately so
> notify the Clerk and shall serve and file
> the reply within seven (7) calendar days of
> service of the opposing party's last brief.

---

1. In pertinent part Rule 7.5 states:

   **LR 7.5 Response to Motion.** Unless these
   rules or the assigned Judge prescribes other-
   wise, each party opposing a motion shall serve
   and file a response within fifteen (15) days of
   service of the motion, except that in cases of
   motions for summary judgment the time shall
   be twenty (20) days after service of the motion.
   Failure to respond shall indicate that there is
   no opposition to a motion.

2. "Reply Brief" is a generic term encompassing
   basically any brief that follows an opening brief
   and a response brief (hence, "supplemental
   brief," "sur-reply brief," etc.).

3. Some judges of this Court signed on to a 9/1/98
   General Order prohibiting reply briefs without
   advance permission from the judge presiding
   over a particular case, but they vacated that
   Order on 3/20/01. *In Re: Reply Briefs*, 198MC41
   (S.D.Ga.3/20/01) ("Reply briefs will no longer
   require permission from the presiding judge").
   The 4/15/02–amended Rule 7.5 (which does not
   ban reply briefs) and Rule 7.6 (which merely
   nudges parties to let the Court know that one's
   on the way) now control. Permitting reply
   briefs, incidentally, is not a new idea. *See* GA
   SUP.CT.R. 24 (*SUPPLEMENTAL BRIEFS*) ("Sup-
   plemental briefs may be filed at any time before
   decision") (2003).

This Rule exists for the benefit of the Court and not the opposing party. It explicitly—and thus primarily—speaks of notifying *the Clerk* (and thus this Court), and not an opposing party (F.R.Civ.P. 5 and S.D.GA. LOC.R. 5.1 address notice to opposing parties). The Rule's intent is simply to avoid the filing of Court opinions and reply briefs on the same day. A Rule 7.6 notice thus lets the *Court* know to hold off on issuing an Order so the reply briefer's effort is not wasted.[4] It is not a sword.

Perhaps sensing this, Gulfstream's fallback position here is to request time to reply to Podger's latest reply brief. Doc. # 57 at 3 n. 1. Because reply briefs may be filed at any time before decision, that request is unnecessary. Given Gulfstream's confusion, however-

er, the Court will await Gulfstream's reply brief and proceed as if it just received Gulfstream's Rule 7.6 notice of intent to file a reply brief (in which case, Gulfstream must file and serve it within 7 days of the date this Order is served).

Accordingly, defendant Gulfstream Aerospace Corporation's motion to strike plaintiff's response to Gulfstream's reply (doc. # 57) is *DENIED.*

---

**4.** Even so, the Court can rule on a motion immediately after it receives a response brief. "Reply briefers," then, should move quickly (precisely why Rule 7.6 says to notify the Court "immediately"). To that end, parties are free to telephon-ically notify each judge's deputy clerk of their reply-brief plans.